```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

STEPHANIE GIBSON,              *

    Plaintiff,                *

vs.                            *
                                        CASE NO. 4:16-cv-209 (CDL)

TJX COMPANIES, INC., *et al.*, *

    Defendants.               *

## O R D E R

Plaintiff Stephanie Gibson alleges that she suffered injuries when she slipped and fell at a Marshalls store in Columbus, Georgia on June 19, 2014. Am. Compl. ¶ 27, ECF No. 17. Gibson brought this action against Defendant TJX Companies, Inc. on May 5, 2016. She filed an Amended Complaint on October 13, 2016, adding claims against Defendant Universal Vending Management, LLC. Universal Vending filed a motion to dismiss, contending that Gibson's claims against it are untimely. Gibson did not respond to Universal Vending's motion to dismiss. As discussed below, the Court grants Universal Vending's motion to dismiss (ECF No. 28).

Georgia has a two-year statute of limitations for personal injury claims. O.C.G.A. § 9-3-33. Gibson's claims accrued on the date of her injury, June 19, 2014, and the statute of limitations for her claims expired on June 19, 2016. Gibson filed her initial Complaint on May 5, 2016, but she did not name Universal Vending as a Defendant until more than 160 days later, on October 13,

2016. She did not serve Universal Vending until more than 180 days later, on November 2, 2016. Gibson's claims against Universal Vending are barred by the statute of limitations unless they relate back to her initial Complaint.

Under Federal Rule of Civil Procedure 15(c)(1)(A), the Court may look to Georgia law to determine whether Gibson's amendment relates back to her initial Complaint. *Presnell v. Paulding Cty.*, 454 F. App'x 763, 767 (11th Cir. 2011) (per curiam); *see also Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001) (holding that "federal courts sitting in diversity [may] apply relation-back rules of state law where . . . state law provides the statute of limitations for the action"). Under Georgia's rule on relation back, O.C.G.A. § 9-11-15(c), an amended complaint that adds a new defendant relates back to the original complaint if the claim "arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" and "if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." O.C.G.A. § 9-11-15(c).

Here, Gibson did not allege in her Amended Complaint that Universal Vending received notice of this action within the limitations period or that it knew or should have known that this action would be brought against it but for a mistake concerning the identity of the proper party. She did not respond to Universal Vending's motion to dismiss on this point, either. Therefore, Gibson's claims against Universal Vending do not relate back under O.C.G.A. § 9-11-15(c), which means that those claims do not relate back under Rule 15(c)(1)(A). *Cf. Presnell,* 454 F. App'x at 768 (finding that the district court did not abuse its discretion in determining that a proposed amendment was futile because the proposed claims against new defendants did not relate back to the original complaint).

Gibson also did not allege in her Amended Complaint that Universal Vending received notice of this action within ninety days after she filed her initial Complaint on May 5, 2016. Thus, her Amended Complaint does not relate back to her initial Complaint under Rule 15(c)(1)(C). Under that Rule, an amendment that changes the party against whom a claim is asserted relates back to the initial complaint if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading" and if the party to be brought in by amendment "received such notice of the action that it will not be prejudiced in defending on the merits"

3

and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" within ninety days after the filing of the initial complaint. Fed. R. Civ. P. 15(c)(1)(B)-(C); *see also* Fed. R. Civ. P. 4(m) (establishing 90-day time limit for service). Accordingly, Gibson's claims against Universal Vending do not relate back under Rule 15(c)(1)(C).  *Cf. Mendez v. Jarden Corp.*, 503 F. App'x 930, 937 (11th Cir. 2013) (per curiam) (finding that the plaintiff's claims against a new defendant did not relate back to the original complaint under Rule 15 because she did not show that the new defendant received notice of her complaint within the time required by Rule 4(m)).[1]

## CONCLUSION

As discussed above, Gibson's claims against Universal Vending are untimely.  Universal Vending's Motion to Dismiss (ECF No. 28) is therefore granted.

IT IS SO ORDERED, this 2nd day of February, 2017.

s/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA

---

[1] To the extent that Gibson seeks to circumvent the statute of limitations by asserting claims against Universal Vending on behalf of the United States under the Medical Care Recovery Act, 42 U.S.C. § 2651, those claims fail because the Medical Care Recovery Act on its face only provides a right of recovery for the United States and Gibson does not allege that she has been authorized to bring any claims under the statute on behalf of the United States.