```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

STEPHANIE GIBSON,               *

    Plaintiff,                 *

vs.                             *
                                      CASE NO. 4:16-cv-209 (CDL)

TJX COMPANIES, INC., *et al.*,  *

    Defendants.                *

---

## O R D E R

The Court previously dismissed Plaintiff Stephanie Gibson's negligence claims against Defendant Universal Vending Management, LLC because those claims were untimely. Feb. 2, 2017 Order Granting Mot. to Dismiss, ECF No. 37. In a footnote, the Court stated that to the extent Gibson attempted to assert a claim against Universal Vending on behalf of the United States under the Medical Care Recovery Act, 42 U.S.C. § 2651, "those claims fail because the Medical Care Recovery Act on its face only provides a right of recovery for the United States and Gibson does not allege that she has been authorized to bring any claims under the statute on behalf of the United States." *Id.* at 4 n.1. In other words, the Court concluded that Gibson did not adequately allege that she had standing to pursue claims against Universal Vending under the Medical Care Recovery Act and dismissed the claim on that ground, without prejudice.

Gibson does not challenge the Court's dismissal of her negligence claims against Universal Vending. But she does assert that after the Court issued the order dismissing her claims against Universal Vending, she was given authority to prosecute her Medical Care Recovery Act claims on behalf of the United States. Gibson seeks leave to file a second amended complaint to add an allegation that she now has express consent from the United States to pursue a Medical Care Recovery Act claim against Universal Vending on behalf of the United States.

The Court ordered Universal Vending to show cause why Gibson should not be permitted to file a second amended complaint to assert a Medical Care Recovery Act claim against Universal Vending. In its response brief, Universal Vending objected to Gibson's proposed amended complaint to the extent it attempts to resurrect her negligence claims against Universal Vending that were previously dismissed as untimely, but Universal Vending stated that it did not object to an amendment that would "only seek reimbursement of the Tricare lien." Def.'s Resp. to Pl.'s Mot. to Am. Compl. 3, ECF No. 41. The Court therefore finds that Gibson should be permitted to amend her complaint to assert a Medical Care Recovery Act claim against Universal Vending. She shall not, however, be permitted to reassert the dismissed negligence claims against Universal Vending.

Gibson shall file her second amended complaint within seven days of today's order.

IT IS SO ORDERED, this 23rd day of March, 2017.

                                              s/Clay D. Land
                                              CLAY D. LAND
                                              CHIEF U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA